**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AUGUST IMAGE, LLC,

      Plaintiff,

          v.                      Case No. 8:25-cv-00500

LUX INJECTABLES, LLC

      Defendant.

_____/

**DEFENDANT LUX INJECTABLES LLC'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, LUX INJECTABLES, LLC, ("LUX" or "Defendant") by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

**THE PARTIES**

1.      Defendant is without knowledge as to the allegations made in Paragraph 1 and therefore denies.

2.      Defendant admits the allegations in Paragraph 2.

3.      Defendant admits the allegations in Paragraph 3 for jurisdictional purposes only.

4.      Defendant admits the allegations in Paragraph 4 for jurisdictional purposes only.

5.      Defendant admits the allegations in Paragraph 5 for jurisdictional purposes only.

## **FACTS**

6.     Defendant is without knowledge as to the allegations made in Paragraph 6 and therefore denies.

7.     Defendant is without knowledge as to the allegations made in Paragraph 7 and therefore denies.

8.     Defendant is without knowledge as to the allegations made in Paragraph 8 and therefore denies.

9.     Defendant is without knowledge as to the allegations made in Paragraph 9 and therefore denies.

10.    Defendant is without knowledge as to the allegations made in Paragraph 10 and therefore denies.

11.    Defendant is without knowledge as to the allegations made in Paragraph 11 and therefore denies.

12.    Defendant is without knowledge as to the allegations made in Paragraph 12 and therefore denies.

13.    Defendant is without knowledge as to the allegations made in Paragraph 13 and therefore denies.

14.    Defendant is without knowledge as to the allegations made in Paragraph 14 and therefore denies.

15.    Defendant is without knowledge as to the allegations made in Paragraph 15 and therefore denies.

16.    Defendant is without knowledge as to the allegations made in Paragraph 16 and therefore denies.

17.    Defendant is without knowledge as to the allegations made in Paragraph 17 and therefore denies.

18.    Defendant is without knowledge as to the allegations made in Paragraph 18 and therefore denies.

19.    Defendant is without knowledge as to the allegations made in Paragraph 19 and therefore denies.

20.    Defendant is without knowledge as to the allegations made in Paragraph 20 and therefore denies.

21.    Defendant is without knowledge as to the allegations made in Paragraph 21 and therefore denies.

22.    Defendant is without knowledge as to the allegations made in Paragraph 22 and therefore denies.

23.    Defendant is without knowledge as to the allegations made in Paragraph 23 and therefore denies.

24.    Defendant is without knowledge as to the allegations made in Paragraph 24 and therefore denies.

25.    Defendant is without knowledge as to the allegations made in Paragraph 25 and therefore denies.

26.    Defendant is without knowledge as to the allegations made in Paragraph 26 and therefore denies.

27.    Defendant is without knowledge as to the allegations made in Paragraph 27 and therefore denies.

28.    Defendant is without knowledge as to the allegations made in Paragraph 28 and therefore denies.

29.    Defendant is without knowledge as to the allegations made in Paragraph 29 and therefore denies.

30.    Defendant is without knowledge as to the allegations made in Paragraph 30 and therefore denies.

31.    Defendant is without knowledge as to the allegations made in Paragraph 31 and therefore denies.

32.    Defendant is without knowledge as to the allegations made in Paragraph 32 and therefore denies.

33.    Defendant is without knowledge as to the allegations made in Paragraph 33 and therefore denies.

34.    Defendant is without knowledge as to the allegations made in Paragraph 34 and therefore denies.

35.    Defendant is without knowledge as to the allegations made in Paragraph 35 and therefore denies.

36.    Defendant is without knowledge as to the allegations made in Paragraph 36 and therefore denies.

37.    Defendant is without knowledge as to the allegations made in Paragraph 37 and therefore denies.

38.    Defendant is without knowledge as to the allegations made in Paragraph 38 and therefore denies.

39.    Defendant is without knowledge as to the allegations made in Paragraph 39 and therefore denies.

40.    Defendant is without knowledge as to the allegations made in Paragraph 40 and therefore denies.

41.    Defendant is without knowledge as to the allegations made in Paragraph 41 and therefore denies.

42.    Defendant is without knowledge as to the allegations made in Paragraph 42 and therefore denies.

43.    Defendant is without knowledge as to the allegations made in Paragraph 43 and therefore denies.

44.    Defendant admits it operates a boutique med spa but denies the remaining allegations in Paragraph 44 as phrased.

45.    Defendant denies the allegations in Paragraph 45 as phrased.

46.    Defendant denies the allegations in Paragraph 46 as phrased.

47.    Defendant denies the allegations in Paragraph 47 as phrased.

48.     Defendant denies the allegations in Paragraph 48 as phrased.

49.     Defendant denies the allegations in Paragraph 49 as phrased.

50.     Defendant denies the allegations in Paragraph 50 as phrased.

51.     Defendant denies the allegations in Paragraph 51 as phrased.

52.     Defendant denies the allegations in Paragraph 52 as phrased.

53.     Defendant denies the allegations in Paragraph 53 as phrased.

54.     Defendant denies the allegations in Paragraph 54 as phrased.

55.     Defendant denies the allegations in Paragraph 55 as phrased.

56.     Defendant denies the allegations in Paragraph 56 as phrased.

57.     Defendant denies the allegations in Paragraph 57.

58.     Defendant denies the allegations in Paragraph 58 as phrased.

59.     Defendant denies the allegations in Paragraph 59 as phrased.

60.     Defendant is without sufficient knowledge of the allegations in Paragraph 60 and therefore denies.

## COUNT I – COPYRIGHT INFRINGEMENT

61.     Defendant reasserts and incorporates its responses to Paragraphs 1-60 herein.

62.     Defendant is without knowledge of the allegations in Paragraph 62 and therefore denies.

63.     Defendant does not dispute the Copyright records attached, however, Defendant is without personal knowledge of the allegations in Paragraph 63 and therefore denies.

64.      Defendant does not dispute the Copyright records attached, however, Defendant is without personal knowledge of the allegations in Paragraph 64 and therefore denies.

65.     Defendant does not dispute the Copyright records attached, however, Defendant is without personal knowledge of the allegations in Paragraph 65 and therefore denies.

66.     Defendant is without sufficient knowledge of the allegations in Paragraph 66 and therefore denies.

67.     Defendant denies the allegations in Paragraph 67 as phrased.

68.     Defendant denies the allegations in Paragraph 68.

69.      Defendant denies the allegations in Paragraph 69.

70.     Defendant denies the allegations in Paragraph 70.

71.     Defendant denies the allegations in Paragraph 71.

72.     This is a recitation of statute which does not require a response, to the extent a response is deemed necessary, Defendant denies.

73.     This is a recitation of statute which does not require a response, to the extent a response is deemed necessary, Defendant denies.

74.    This is a recitation of statute which does not require a response, to the extent a response is deemed necessary, Defendant denies.

75.    Defendant denies the allegations in Paragraph 75.

Defendant denies Plaintiff is entitled to any requested relief outlined in its Prayer for Relief.

## COUNT II – COPYRIGHT INFRINGEMENT

76.    Defendant reasserts and incorporates its responses to Paragraphs 1-60 herein.

77.    Defendant is without knowledge as to the allegations made in Paragraph 77 and therefore denies.

78.    Defendant does not dispute the Copyright records attached, however, Defendant is without personal knowledge of the allegations in Paragraph 78 and therefore denies.

79.    Defendant does not dispute the Copyright records attached, however, Defendant is without personal knowledge of the allegations in Paragraph 79 and therefore denies.

80.    Defendant does not dispute the Copyright records attached, however, Defendant is without personal knowledge of the allegations in Paragraph 80 and therefore denies.

81.     Defendant does not dispute the Copyright records attached, however, Defendant is without personal knowledge of the allegations in Paragraph 81 and therefore denies.

82.     Defendant is without sufficient knowledge of the allegations in Paragraph 82 and therefore denies.

83.     Defendant denies the allegations in Paragraph 83.

84.     Defendant denies the allegations in Paragraph 84.

85.     Defendant denies the allegations in Paragraph 85.

86.     Defendant denies the allegations in Paragraph 86.

87.     This is a recitation of statute which does not require a response, to the extent a response is deemed necessary, Defendant denies.

88.     Defendant denies the allegations in Paragraph 88.

Defendant denies Plaintiff is entitled to any requested relief outlined in its Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense: Fair Use (17 U.S.C. §107)

Defendant asserts that any use of the photographs included in the Work (as defined in the Complaint) are protected by the fair use doctrine pursuant to 17 U.S.C. §107. As is evident on the face of the Complaint, any use or sharing by Defendant was not of Plaintiff's Works themselves but were a re-post of another person's social media post. The purpose and character of the post itself was not for commercial purposes,

but for educational purposes and discussion regarding the positive and negatives of injectables. In addition to Defendant's medical spa – which is not advertised through her social media page – she is a world-renowned trainer and educator within the medical field. The posts in question each feature a minimal portion of the photograph referenced and each photograph has also been significantly transformed. Finally, the use the photographs within the Work have had no effect on the potential market or its value.

Second Affirmative Defense: Innocent Infringement

Defendant asserts that any use of the photographs was innocent. Specifically, each of the instances of publication or sharing of the posts featuring the photographs discussed in the Complaint was a "re-post" or "re-share" of a post previously created by a third-party. Defendant acted under the reasonable belief that the third-party who had created and shared the work originally was the rightful owner. Further, as evidenced by the Complaint, the photographs as featured in each of the posts – did not contain any copyright information advising the Defendant of any other party having rights to any portions of the posts. Any damages against Defendant must be reduced based on this defense.

Third Affirmative Defense: Incorrect Defendant

Defendant asserts that Plaintiff has sued the wrong Defendant as Plaintiff was not involved in the creation of the graphics displayed in the posts which feature any of the photographs of the Work, but a third-party completely outside of Defendant's control. As is evident by the Complaint, each photograph is but a small portion of the posts shared by Defendant and the creation of the entire graphic featured in each post was done by a third-party. If any copyright infringement is determined based on any of the derivative works discussed in the Complaint it is the fault of the third-party utilizing the photographs to create the graphic featured in each post.

Fourth Affirmative Defense: De Minimus Use

Defendant asserts any use of the photographs contained within the social media posts re-shared and/or re-posted constitutes de minimis use of the photographs and is so trivial that it falls below the quantitative and qualitative threshold of substantial similarity to be actionable. Each post, *which was created by a third-party*, uses a minimal portion of the original photographs at issue that when viewing the posts and original photographs side-by-side there is no substantial similarity.

Fifth Affirmative Defense: Laches

Defendant asserts that Plaintiff unfairly delayed pursuing this action when it knew or should have known of Defendant's use of various photographs since at least as early as 2019. As Plaintiff asserts in its Complaint, it performs ongoing diligent

efforts to identify unauthorized use of its photographs and therefore Plaintiff either knew or should have known of the use of the Photographs within the preceding four (4) years. This delay has caused prejudice to Defendant and any harm suffered by Plaintiff could have been avoided by timely policing its rights.

## **RESERVATION OF RIGHTS**

Defendants expressly reserve their right to amend these affirmative defenses and file any claims against Plaintiff as the litigation continues.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY the foregoing has been filed on the 29th day of May 2025, utilizing the CM/ECF, and a copy has been provided to all attorneys of record.

Dated: May 29, 2025

Respectfully submitted,
/s/KELLY ANN M. DESROSIERS
Kelly Ann M. desRosiers, Esq.
FL Bar No. 1017878
Lorri Lomnitzer, Esq.
FL Bar No. 37632
kelly@lomnitzerlaw.com
lorri@lomnitzerlaw.com
Litigation@lomnitzerlaw.com
Attorneys for Defendant